MIDDLETON, Respondent, *v.* FRANKLIN, Appellant.

To entitle a party to an injunction in a case of nuisance, the injury to be restrained must be such as cannot be adequately compensated by damages; or it must be irremediable or lead to irremediable mischief.

The erection of a steam engine and machinery, and a grist-mill, in the cellar under an auction store, held not to be such an injury as to require the restraining power of the court; at least, not until the question of nuisance or not, should be determined by a jury.

Even then the remedy at common law is ample.

APPEAL from the Superior Court of the City of San Francisco.

This was an application, on the part of the plaintiff, to restrain defendant from the erection of an alleged nuisance. The facts were, that the plaintiff occupied the upper part of a building as an auction store; the defendant occupied the cellar below, and both held as tenants under the City Market Company. The complaint proceeds to set forth, that "the defendant is now in the act of erecting in the said cellar, a steam-engine, furnace, and boiler, to drive a mill and machinery for grinding flour, which he is also erecting in said cellar, and is about to pierce the wall of said cellar and erect a flue for that purpose, there being no smoke flue from said cellar, thereby creating a most grievous nuisance to the plaintiff, by reason that the said boiler is a dangerous and hazardous article, and liable to explosion, rendering it unsafe for the plaintiff, his customers, &c., to occupy or frequent the said upper part of said building, and to store goods therein, &c., and unsafe by the increased probability to take fire from the said furnace; and interfering with the quiet occupancy of the said building, by reason of the noise of the machinery, &c., to the diminution of their value, &c., and prays for an injunction to restrain defendant from erecting the same, &c.

The court directed an injunction restraining defendant, &c., until the further order of the court.

The answer of the defendant admits that he is erecting a mill and machinery, &c., but denies that the furnace of the steam-

engine is to be placed in the building, but in an open space without the building, so as not to endanger the plaintiff's property, or interfere with his enjoyment thereof, and denies the nuisance, &c., and specially denies that he intends piercing the wall and erecting a flue, &c., or that he intends to use his building contrary to law; that the injunction has injured him to the amount of $1000, and he prays that it be dismissed, and for damages, &c.

The court, after hearing the case, ordered the injunction to be modified so as to permit the defendant to make the erections complained of, but that he continue to be restrained and enjoined from using, working, or driving the same, until the further order of the court, and further, that the undertaking of plaintiff upon the injunction, &c., be increased to $5000. Defendant appealed.

*G. T.* and *W. H. Sharp*, for appellant.

In an action for an alleged *private* nuisance, a party cannot be enjoined before a jury has found the act complained of to be a nuisance. By the 249th sect. of the code, it is expressly provided, that a nuisance can be enjoined by judgment only.

The section authorizing an injunction, *pendente lite*, where irreparable injury is being done, does not apply to the action for a nuisance.

It is not every case that will sustain an action for a nuisance, that will authorize an injunction. Corporation of New York *v.* Mapes, 6 Johns. 46; 6 Paige, 83; Attorney-General *v.* Nichols, 16 Ves.; 10 Ala. (New. Ser.), Ala. R. 63. The injury must be of a nature not susceptible of compensation in damages, or such as from its continuance will lead to irreparable injury; diminution of value to property will not justify an injunction. 2 Sto. Eq. Jur. sec. 925; see Code, sec. 249; and see, specially, Chief Justice MURRAY's opinion in Hays *v.* Fassault, in this court, October Term; 10 Alabama Reports, 63.

A steam boiler is not, *per se*, such a nuisance that it should be abated, or arrested by injunction. As to the *noise* as a ground, see Taylor's Landlord and Tenant, p. 106. There is no instance of an injunction in the case of an eventual, or contingent nui-

sance. The risk of fire is common to all residents of cities. This court will review the exercise of discretion in an inferior court. See 1 Law Rep. 110; 1 Bland, 355; 6 Paige Chan. Rep. 295; 1 Califor. Rep. 609.

To sustain this injunction, the evidence must be speculative, mere opinion, as to the probable effect of the erections.

*Dwinelle,* for respondent.

The granting or continuing an injunction *until the hearing* is matter of discretion, and will not be interfered with by this court, especially if the answer be unsatisfactory, evasive, or improbable. 2 Johns. Ch. 204; Der. Eq. 429; 1 Barb. Ch. Pr. 640, and cases cited. 3 Danl. Ch. Pr. 291, &c. (Harrisburg Ed.)

The answer does not deny that the *boiler* and machinery is to be erected within the building; it denies only that the furnace is to be so erected; and the boiler may be within, while the furnace is without. The answer in this is evasive.

The explosion of a boiler is not owing to the pressure of steam, but to its decomposition into its component gases, and the explosive character of hydrogen, which the strength of no boiler can resist. Would a powder-magazine be a nuisance in an auction store? If so, so would be a steam-engine. Bouvier's Law Dic., Nuisance. A man for gain may risk a nuisance in his own case, but has no right to impose this risk on another. A nuisance is that which produces annoyance, whether by injury or damage. See also Prac. Act of 1851, sec. 249. A blacksmith shop may not be, *per se*, a nuisance in a country village, but would be in Montgomery Street, &c. Ringing bells on Sunday has been held a nuisance: First Baptist Church *v.* Schenectady R. R. Comp., 5 Barb. 79; so a coal-yard: 8 Paige, 351. A manufactory of steam-engine boilers, if the noise annoys a neighbor. Fisk *v.* Dodge, 4 Denie, 311. The answer that a steam-engine will not be dangerous, and that the grist-mill will not make any noise, is absurd.

The Practice Act does not require a judgment as the basis of an injunction, but allows the writ to issue "*upon the facts of the complaint.*" The cases in which chancery has required the previous verdict of a jury, are those in which the plaintiff's right to the *locus in quo* was denied.

It is well settled that to entitle a party to an injunction in a case of nuisance, the injury to be sustained must be such as cannot be adequately compensated by damages, or it must be irremediable, or lead to irremediable mischief.

Such is not the case presented by the allegations of the complainant's bill. It does not show a sufficient probability of mischief to require the restraining power of the court, or at least until the question of nuisance or not is determined by a jury, and even then the remedy at common law is ample.

Let the injunction be dissolved, with costs.