More v. Ord.

---

## MORE v. ORD, Coroner and Acting Sheriff.

Defendant, as Coroner and acting Sheriff, levied on, and advertised for sale, all the right, title and interest of T. in certain horses and cattle, in the hands of a receiver, appointed in a suit between J. and T., as partners. *Held*, that plaintiff was not entitled to an injunction restraining the sale, unless the injury would be irreparable; and that this must appear by a clear showing of plaintiff's right to the property, and defendant's insolvency.

Appeal from the Second District.

In 1856, suit was brought in the Second District Court, by Jones, against Alpheus B. Thompson, for a partition of certain horses, cattle and sheep, on the island of Santa Rosa, belonging to the parties as

partners. This suit was transferred to the Third District Court, Monterey county, and Burton and Blake made parties thereto, on the ground that they claimed an interest in the property by virtue of a levy on fifty head of said cattle, under an execution on a judgment in the First District Court, in their favor, against said Thompson. The complaint avers that the Sheriff never took possession under the levy.

In April, 1858, a decree was made by the Third District Court, that Jones was owner of one-half the property, and appointing Stearns receiver, to take possession and make a division. Under this decree, Stearns took possession, in May, 1858.

In September, 1858, Burton and Blake alone appealed from this decree to the Supreme Court, where, February, 1859, the decree was reversed, and the cause remanded. (See 12 Cal.) When the receiver took possession, the property was in the possession of Jones and Thompson.

In October, 1858, Thompson, being largely insolvent, and owning no unincumbered property, except his half of said horses, cattle and sheep, an execution, issued upon a judgment against him in favor of Dixey W. Thompson, in the Second District Court, was levied on the interest of said A. B. Thompson in said stock in the hands of said receiver, by permission of said Third District Court, the possession of the stock to remain with the receiver by order of the Court. In January, 1859, said interest was sold under the execution, and More, plaintiff in this suit, became the purchaser, for $14,000, which was paid, and credited on the judgment, and a certificate of sale delivered to plaintiff. The receiver had due notice of all these things.

Subsequently, Burton & Blake obtained execution on their judgment against A. B. Thompson, and placed it in the hands of the defendant, as Coroner of the county of Santa Barbara, who, by virtue thereof, as the complaint avers, "pretended to seize and levy on all the right, title and interest which A. B. Thompson had in said stock on the eleventh January, 1855," etc. The complaint then avers that defendant has advertised said property for sale, that he is not the legal, acting Sheriff of said county, that he is not able to respond in damages for more than a small portion of the value of said stock, to wit: $30,000; that plaintiff owns the stock, and a sale by defendant will cloud his title, and prays for an injunction, which was granted, without notice.

Defendant appeals from the order granting the injunction, the case standing on the complaint alone.

---

Adams *v*. Woods & Haskell.

---

*Thompson, Irving & Pate*, for Appellant.

*E. Cook and John Saunders*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

There is no pretense for the injunction granted in this case. If the defendant is about to commit a trespass, chancery has no power to restrain him, unless the injury be irreparable, which could only be upon a clear showing of the plaintiff's right, and the defendant's insolvency, neither of which distinctly appear.

The judgment is reversed, and the bill dismissed with the costs of this Court and the Court below. But that the land of the plaintiff may afford relief for this vexatious proceeding, we should regret our inability to impose such damages for the obstruction to the enforcement of the judgment of this Court, as would effectually prevent its recurrence.