Hicks *v.* Compton.

## HICKS *v.* COMPTON *et al.*

THE granting and continuing of injunctions in cases of alleged trespasses on land claimed by plaintiff, where the injury is likely to be irreparable, are to some extent matters of discretion, and this discretion should always be exercised in favor of the party most liable to be injured.

In this case, it was held that the temporary injunction granted on filing the complaint should not have been dissolved before the hearing; that on the facts stated in the complaint an action for damages would be fruitless; that although the complaint does not aver absolute insolvency of defendants, still enough is averred to satisfy the Court that a judgment for damages would be worthless, and hence the injunction ought to have been continued.

An allegation in the complaint that plaintiff was in possession of the land as owner when defendant entered, is a sufficient statement of title in suit for injunction to restrain trespass.

APPEAL from the Sixth District.

The complaint avers substantially that on the sixteenth of May, 1860, defendants with force and arms entered upon a certain piece of land, then being the land of plaintiff and in his possession, and trampled down and destroyed grass and grain of the value of five hundred dollars, and also cut down with scythes, reapers and mowing machines other grass and grain of the value of $2,000, and took, carried away and converted to their own use large quantities of hay, grain and grass so cut worth $2,000, and asks damages therefor in the sum of $2,500.

The complaint then goes on to aver, as a further cause of action and to obtain equitable relief, that plaintiff " for a number of years past has by himself and his tenants been in possession of the premises described;" that in August, 1858, he leased the same to one Wall for a year, beginning October 1st, 1859; that at the end of the lease, Wall refused to surrender possession, which plaintiff was compelled to obtain by a suit of forcible detainer; that, pending said suit, Wall let certain other persons into possession jointly with himself for the purpose, as plaintiff is informed and believes, of evading the process of the Court; that when the writ of restitution had issued from the County Court, where plaintiff had obtained judgment, to restore him to the possession, a large and tumultuous crowd of forty or fifty persons, among whom were a number of the

Hicks *v.* Compton.

present defendants, (the complaint naming them) assembled on the premises with the avowed object of resisting the Sheriff in his execution of the writ against the confederates of Wall; that although there were some threats and opposition, the Sheriff executed the writ, turning out all parties, and placing plaintiff in possession on the first of May, 1860; that on Sunday, the sixth of the same month, defendants, with other parties unknown to plaintiff, in all twenty-five or thirty persons, came in a riotous manner with nineteen scythes and four reaping machines, and began cutting down the grass and grain growing on the premises, and are now rapidly cutting the same, and will in a few days cut and remove all the hay and grain unless prevented, amounting to about two or three hundred tons, worth four dollars per ton; that " of the defendants the larger portion of them are utterly insolvent;" that a " portion of them, to wit : defendants Clarke, Howard and Herring were defendants " in the forcible entry suit above mentioned, in which plaintiff recovered judgment for $1,000 damages besides costs, and that plaintiff has not been able to make even half the sum on execution against them, and that they, being examined before a referee, swore they had no property subject to execution; that " many of the other defendants are equally insolvent;" that though a few of them have a little property, it is all movable, and could be readily run beyond the reach of process; that plaintiff is informed and believes there is a combination among the defendants to evade and resist every process and judgment that may be rendered adverse to their peculiar views in regard to the premises; that they do not claim any title to the land, so far as plaintiff is informed and believes, but claim it to be public land, which they as settlers have a right to enter upon notwithstanding the judgments of the Courts; that they also use as a pretense for said trespasses that they are authorized to commit the same by one Coleman, who pretends to have a deed for the land from certain California Indians of the Moquelumne tribe; that said Indians had no manner of title when said deed was executed, and that the same is used as a mere pretext to cover up defendants' lawless trespasses; " that no judgment plaintiff could obtain in trespass could be made available against defendants;" that the only method to prevent continual litigation is

injunction; that the premises constitute a portion of a larger tract "upon which plaintiff has been living since 1850 under claim of title, and having as he believes good right and title thereto; that during said time his possession in various parts of the tract has been invaded by squatters, or settlers, as they style themselves; that he has prosecuted a large number of actions of ejectment and of forcible entry and detainer to turn them out; that he has had a number of trials at law, and in no instance has there ever been a verdict against him except one in a Justice's Court, which was afterwards reversed on trial *de novo* in the County Court; that judgments have been rendered in his favor, and he has been placed in possession of the premises, but that as fast as he gets possession in one case, his premises are invaded either in a new place, or on the old place by new parties, and he is subjected to constant and harassing litigation by irresponsible men, leagued together to resist the judgments of the Courts, and to assert their pretended rights as settlers. Prayer for an injunction restraining defendants from removing the hay already cut, and for a receiver to take possession thereof.

The County Judge, on reading the complaint, which was sworn to, granted a temporary injunction. The defendants, or a portion of them, without answering, filed affidavits denying the greater part of the facts set forth in the complaint. The cause was called up in the District Court on a motion to dissolve the injunction, the defendants taking the grounds: 1st, that the bill did not state facts sufficient to sustain the injunction; 2d, that if it did, the defendants having filed affidavits denying the material allegations of the bill, the plaintiff could not support his bill by counter affidavits.

The Court took the case under advisement, with the understanding that if it should find that the bill on its face would sustain the injunction, and that the plaintiff was entitled to support his bill by proof against the affidavits of the defendants, then the Court was to open the case to hear such proofs. Subsequently the Court, without opening the case or allowing the plaintiff to sustain his bill by proof, made an order dissolving the injunction. Plaintiff appeals from the order.

On the twenty-sixth of May, 1860, plaintiff having filed and

served his notice of appeal, and given bond so as to make the appeal effectual, applied to the Supreme Court for an injunction restraining defendants from removing the hay cut pending the appeal.   The petition to this Court sets out the previous proceedings in the case, and avers that the order dissolving the injunction was made on the morning of the said twenty-sixth of May, and that the District Judge went the same day into the country to be absent some time, and hence plaintiff cannot apply to him for an injunction.   The Supreme Court granted the writ, on plaintiffs giving bond in the sum of $3,000 to abide the final decision upon the question of the right to the injunction.   This injunction was subsequently dissolved ; but no opinion was written on that branch of the case, for the reason that the case of *Hicks* v. *Michael*, reported in 15 Cal. 107, was before the Court at the same time, and the opinion there held that the Supreme Court had no power to issue an injunction pending an appeal.

*Robinson, Beatty & Heacock*, for Appellant, to the point that the complaint is sufficient to sustain the injunction, cited 1 Story's Eq. Jur. secs. 853, 854, 859, 928.

*E. B. Crocker*, for Respondents, to the point that cutting and removing growing crops of grass and grain differs essentially from destroying timber, houses or fences, and will not be restrained by injunction, cited 2 Eden on Inj. 179, note 1, 181, note 1, 182, note 2 ; Id. 231, note, 231–1, note, 200–3, note 2 ; 7 Johns. Ch. 315 ; *Middleton* v. *Franklin*, 3 Cal. 238 ; 5 Id. 119 ; *Gates* v. *Teague*, Oct. term, 1856 ; *Watson* v. *Hunter*, 5 Johns. Ch. 168 ; and to the insufficiency of the complaint, Story's Eq. Pl. 241–255.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an appeal from an order dissolving a temporary injunction.   There is nothing involved in the consideration of this order but the sufficiency of the complaint.   The complaint shows that the defendants are trespassers, and engaged in the commission of acts from which irreparable mischief is likely to result.   If the facts stated be true, it is evident that an injunction is the only ade-

quate remedy, and that an action for damages would be fruitless and unavailing. It is true, absolute insolvency is not charged; but sufficient appears to satisfy us that a judgment for damages would be entirely worthless. The rights of the defendants are protected by a bond, and no injury can result to them from the continuance of the injunction. The plaintiff has no security whatever, and the dissolution of the injunction leaves him at the mercy of the defendants. The granting and continuing of injunctions of this nature are to some extent matters of discretion, and this discretion should always be exercised in favor of the party most liable to be injured.

The title of the plaintiff to the land trespassed upon is sufficiently stated. It is alleged that he was in possession as owner when the defendants entered, and a more direct or specific statement is not required. If the defendants can show that the title is in themselves, they may eventually defeat the action; but the case is before us upon the complaint alone.

Order appealed from reversed, and cause remanded.