F. E. CORCORAN, AND ELIZABETH CORCORAN, HIS WIFE v. J. G. DOLL, J. L. SIMPSON, GEORGE W. HOAG, AND THE TEHAMA COUNTY STOCK BREEDERS' ASSOCIATION—A CORPORATION.

PRELIMINARY INJUNCTION TO RESTRAIN THE SALE OR INCUMBERING OF LAND PENDING THE LITIGATION OF TITLE, AND APPOINTING RECEIVER TO HARVEST AND PRESERVE GROWING GRAIN CROPS.—Plaintiffs commenced this action against several defendants for the possession of land on which was standing a large crop of unharvested grain, and to set aside a conveyance of the land made by one of said defendants to the others, on the ground that it was made in fraud of the rights of plaintiffs, who claimed to have succeeded, before suit brought, to the title of the fraudulent grantor, under their judgment recovered as creditors against him, subsequent to said fraudulent conveyance, and a judicial sale thereunder and Sheriff's deed: *Held*, first, that said grain crop was part of the land, and plaintiffs were entitled thereto if entitled to recover the land; and, second, that an order made by the Court, *pendente lite*, restraining defendants from alienating or incumbering the land during the litigation, and appointing a receiver to take possession, harvest and preserve the grain crop, was properly made.

IDEM—ORDER RESTRAINING PROSECUTION OF ANOTHER ACTION TO TRY TITLE PENDING IN THE SAME COURT.—In such case, where one of the defendants, claiming to own said land and being in possession thereof, had, before said suit, commenced an action in the same Court against plaintiffs to determine as void plaintiffs' said adverse title to the land, which action was still pending and was pleaded by defendants in bar of plaintiffs' suit: *Held*, first, that because said other defendants were not made parties to said action against plaintiffs, the latter could not in that action obtain all the relief to which they were entitled, if entitled to recover; and, second, that an order made, *pendente lite*, in the second action staying the further prosecution of the first action until the further order of the Court in which both were pending, would not be reversed, although said order might more properly have been made in the first action.

APPEAL from the District Court, Second Judicial District, Tehama County.

This was an action to set aside as fraudulent a conveyance made by defendant J. G. Doll, of certain real and personal property in Tehama County to The Tehama County Stock Breeders' Association, a corporation; to have the title of said property adjudged to be in the plaintiffs, who deraigned title thereto through a judicial sale and deed to them under a judgment rendered in their favor and against defendants J. G. Doll and J. L. Simpson, to compel a conveyance thereof to them, and to be put in possession of the same; to procure the appointment of a receiver to take immediate possession and charge of said property, and especially of certain large crops of grain then standing and growing on the land, with a view to the proper harvesting and market of the same, and to hold the proceeds subject to the final order of the Court in the action; to enjoin the sale or incumbering of said property by said Tehama County Stock Breeders' Association pending the action, and the harvesting of said grain crops by any of the defendants; also to enjoin the further prosecution of an action then pending in said Court against the plaintiffs and one Charles L. Westenhershe which was instituted by the defendant The Tehama County Stock Breeders' Association for the avowed purpose of securing upon adjudication a determination of the title to said real property against the plaintiffs in this action and in favor of the plaintiff therein, The Tehama County Stock Breeders' Association, which association, as alleged in the complaint in this action, consisted of the other defendants to this action, and was formed and had been maintained by them solely for the purposes of making and effectuating said fraudulent sale to the injury of the plaintiffs in this action. The complaint further alleged that said action had been instituted against plaintiffs and said Westenhershe, who was a non-resident and without interest in or claim to said property, solely for the purposes of delay and to enable the defendants in this action

to convert said grain crops to their own use and withhold said other property from the possession of plaintiffs.

The defendant George W. Hoag, in resistance to the plaintiffs' prayer for the appointment of a receiver and for an injunction pending said action, and in answer to plaintiffs' complaint, disclaimed title to said real property, but set up that he then was and for more than six months theretofore had been the lessee for a valuable consideration, and in good faith on his part, under The Tehama County Stock Breeders' Association, the lawful owners of said real property, and that said grain crop had been produced by him at his own proper expense, and was his property. The defendant The Tehama County Stock Breeders' Association, in like manner and for a like purpose, traversed the material averments of fraud set forth in plaintiffs' complaint, set up title in itself to the real property therein described, and pleaded in bar the pendency of said action commenced by it against said plaintiffs and said Westenhershe to try the title thereto. Defendants Doll and Simpson, in answer, disclaimed any interest in said property. The plaintiffs' application for the appointment of a receiver and for an injunction *pendente lite*, made upon notice to the defendants, was, upon the hearing of proofs produced by the parties respectively, granted by the Court below, and the defendants appealed.

The other facts are stated in the opinion of the Court.

*J. E. N. Lewis*, and *George Cadwalader*, for Appellants.

The bill should be dismissed, for it shows no cause for restraining the prosecution of the suit of *The Tehama County Stock Breeders' Association* v. *Corcoran and Wife et al.*, inasmuch as jurisdiction was first obtained therein, and on that suit all the matters in this can be adjusted and settled. (5 Sandf. 612; 19 Cal. 248; 9 Cal. 614; 15 Cal. 259; 17 Cal. 149; 19 Ohio, 202; 8 Howard's Pr. 416; 16 Howard's Pr. 244; 16 Ohio, 373; 30 Cal. 114.)

The crop on said land is not part of the inheritance, and belongs to the lessee, Hoag. (7 Cal. 43; 8 Cal. 592; 13 Cal.

314; 17 Cal. 596; 18 Cal. 113.) If the bill states a cause of action, its charges are all fully denied by the affidavits, and the injunction should have been refused.

*J. P. Hoge, J. W. Winans, R. Robinson,* and *Earl & Long,* for Respondents.

By the Court, SAWYER, C. J. :

This appeal is from an order granting an injunction and appointing a receiver. The whole argument of appellants is based upon the idea that the principal object of this suit is to restrain the prosecution of another suit by one of the defendants in this suit, The Tehama County Stock Breeders' Association, against the plaintiffs herein, to determine an adverse claim to the land in question; whereas such relief can hardly be said to be in any sense the object of the suit. It is true, the plaintiffs ask that the prosecution of said suit be restrained, but this is merely an incident, rather than the object of the suit. It may be true, that, as between the plaintiffs and The Tehama County Stock Breeders' Association, the title to the land might be determined in the other suit, but all the relief demanded could not be had in that suit, for as to an important portion of the relief sought, Doll and Simpson, and especially Hoag, were necessary parties. The Tehama County Stock Breeders' Association is alleged to be but a fraudulent instrument, created and managed by the other defendants, for the express purpose of perpetrating the fraud complained of, and against which relief is sought. If the facts stated in the complaint are true, plaintiffs acquired the title to the land, and the defendants are properly restrained from selling, or incumbering the land, till the rights of the parties can be determined. So, also, we think the record shows a proper case for restraining an appropriation of the crops, and for a receiver. It is not a question of rents and profits, merely, during the time for redemption. That time had already expired, and the plain-

tiff had obtained the Sheriff's deed, and was entitled to the possession of the land. The growing crops belonged to the plaintiffs as a part of the land. The principal parties are alleged to be insolvent, and all the transactions on the part of the defendants, on the theory of the complaint, constitute a scheme to defraud the plaintiffs, to which the pretended tenant in possession, as well as the other defendants, was a party. We think there is, clearly, a cause of action stated, both for an injunction and a receiver. If the tenant in possession is entitled to anything for his services in cultivating the land during the time for redemption, he is a party to the suit, and his equities can be adjusted when the affairs of the receivership are settled up.

The only question really is, whether the injunction is too broad. If too broad, it is in respect to restraining the prosecution of the other suit. In the order for the injunction is this clause, which the argument of the appellant assumes to be the whole of the injunction : " It is further ordered that all proceedings in the case of *The Tehama County Stock Breeders' Association* v. *F. E. Corcoran et al.,* now pending in this Court, be stayed until the further order of this Court." This can hardly be said to be an injunction at all. It is, perhaps, out of place in the order for an injunction. The order itself is proper, but it should properly have been made in the other suit, staying the proceeding till both could be heard. It would have been perfectly proper there. But, after all, it is but an order staying proceedings in the same Court in another suit, till the Court itself shall further order, but it does not say in what proceeding the further order shall be made. There is nothing prohibiting the defendants from applying to the Court in either case for permission to proceed, and there is nothing prohibiting the Court from proceeding whenever the Court itself shall, in its discretion, make the further order. It is, at the worst, simply a proper order made in the wrong place staying the proceeding till the Court itself making the order shall choose to proceed. The whole matter in both proceedings is under the control

of the same Court. The parties could not proceed unless the Court itself should co-operate, and it would be very difficult to make a case of contempt out of it. We do not see that the parties can be injured, and if not made where it is, the order would doubtless be made in the proper place.

Order affirmed.

Mr. Justice RHODES expressed no opinion.

Mr. Justice SPRAGUE, having been of counsel, did not sit in this case.