[No. 5454.]
## WILLIAM WEST v. TARTAN SMITH.

TITLE TO GRAIN ON PUBLIC LAND.—If one in possession of public land plows it and sows grain, the title to the growing crop is in him, as against one who afterwards enters and attempts to claim it as a pre-emptor, but who does not get into possession.

ENJOINING A TRESPASS.—One who has the title to a growing crop can enjoin another who is insolvent from harvesting and removing it.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

The complaint averred that the plaintiff had been for more than six months in possession of the east half of sec. fifteen, township sixteen north, range two west, Mount Diablo base and meridian, and had growing on it a volunteer crop of wheat and barley, which he and his grantors plowed and sowed in the fall of the years 1874 and 1875; that the defendant, on the 5th day of June, 1876, entered on the land and began harvesting and threatened to harvest and remove the crop and convert it to his own use, and that the defendant was insolvent. The suit was commenced on the last named day.

The defendant, in his answer, admitted the plaintiff's possession and title to the crop on the southeast quarter of the section, but denied his possession of, or title to, the northeast quarter, or the crop thereon. The answer also stated that the land was public land, but did not aver any claim of right as a pre-emptor. On the trial, the evidence on behalf of the plaintiff tended to show that about six years before the commencement of the suit the grantors of the plaintiff entered on the half section and inclosed it with a substantial fence, and that in 1874 one Stewart Harris purchased the land and improvements from the persons who thus inclosed it, and that said persons and Harris and his tenants had since been in possession of the land. A short time

after purchasing the land Harris leased it to one Cravens, who plowed it and put in a crop of grain. Cravens remained in possession of the land until October, 1875, when Harris leased it to Smith, the plaintiff, and Smith had since cultivated the land. At the time the plaintiff went upon the land there were some forty acres of summer-fallow and about one hundred and twenty acres of volunteer grain on it, which the plaintiff purchased from Cravens when he took his lease. In the winter of 1875 the defendant sowed some grain on the volunteer and summer-fallow. In the summer of 1876 the defendant began to harvest the crop, when this action was commenced.

The evidence on behalf of the defendant tended to show that Pleasant West was living on the northeast quarter; that he lived in a cabin built on the land in dispute by the defendant, and helped sow some of the grain.

The defendant here offered in evidence a lease of the said northeast one-fourth from him to the witness, dated in December, 1875, at the time the witness went on to the land. The Court, on the objection of the plaintiff, ruled it out. The evidence also tended to show that the defendant sowed and harrowed in grain on the volunteer ground. The evidence of Smith, the defendant, tended to show that on the 2nd day of February, 1875, he took up the northeast one-fourth as Government land, and lived on it until some time in May, and on the 19th of March, 1875, filed in the local land office a declaratory statement as a pre-emptor.

N. Thrasher, one of the plaintiff's witnesses, was asked by the defendant's counsel, on cross-examination, who had claimed the northeast quarter since March, 1875. The plaintiff objected to the question, and the Court sustained the objection.

A. Mead, a witness for the plaintiff, testified on his cross-examination that his brother went on to the land to take up a claim in case it was Government land, and was living there when the defendant came. He was then asked how long his brother lived there, but the Court sustained an objection of the plaintiff to the question.

The Court granted the injunction, and the defendant appealed from the judgment, and from an order denying a new trial. The other facts are stated in the opinion.

*Hatch & Kirk*, and *T. J. Hart*, for the Appellant.

The legal rights of the parties as to the ownership of the crop and possession of the northeast one-quarter were in dispute, and undetermined at law; an injunction, therefore, would not lie. (*Middleton* v. *Franklin*, 3 Cal. 238; *Waldron & Joiner* v. *Marsh et. al.* 5 Cal. 119; *Gates* v. *Teague*, Oct. Term, 1856; *Leach* v. *Day*, 37 Cal. 643; *N. C. & S. C. Co.* v. *Kidd*, 37 Cal. 283; 7 Johns' Ch. Rep. p. 315; 4 Johns' Ch. Rep. p. 21; *Moore* v. *Ord*, 15 Cal. 204.)

*A. L. Hart*, for the Respondent.

The plaintiff could not have maintained ejectment against defendant, because the acts of the latter did not work an ouster or *disseizin*. (Tyler on Ejectment, 79, 82, 83, 85; Code Civil Procedure, 323.)

The plaintiff, being in the possession of the land, was the owner of the growing crop. (*Page* v. *Fowler*, 39 Cal. 412; *Pennebecker* v. *McDougal*, 46 Cal. 661.)

In this case the defendant is not shown by the record to have ever been in possession of the land. The plaintiff had his volunteer crop in, and was in possession of the land, and the defendant went there and sowed a few sacks of grain over plaintiff's volunteer. The grain had not been cut or *harvested* at the time the action was begun. In such a case the crops partake of the realty, and belong to the person who is in the rightful possession, and is entitled to the use and occupation of the land. (*Corcoran* v. *Doll*, 35 Cal. 476; *McLean* v. *Bovee*, 1 Am. Reports, 185; *Rowell* v. *Klein*, 15 Am. Reports, 235.)

By the Court:

Action to enjoin the defendant from harvesting and removing the crop of grain growing and standing upon the tract of land described in the complaint.

There is sufficient evidence in the record to sustain all the material averments of the complaint.

Neither party claimed title to the land, but it was either in

the United States or had been granted to a railroad company; and the title to the growing crop, as between the plaintiff and defendant, depended upon the question as to which of the parties was in the possession of the land. The evidence, therefore, to the effect that the defendant or a third person claimed the land, or that a third person lived upon the land, or that the defendant had executed a lease of the land to a third person, was irrelevant and immaterial, and the Court did not err in excluding it.

The plaintiff having alleged and proven that the title to the standing grain was in himself, and that the defendant is insolvent, is entitled to an injunction to restrain the defendant from harvesting and removing the crop. (*Hicks* v. *Compton*, 18 Cal. 206; *Corcoran* v. *Doll*, 35 Cal. 476; Hilliard on Injunction, p. 319.)

Judgment and order affirmed. Remittitur forthwith.