McDonald *v.* Bayne *et al.*

*(Supreme Court, General Term, First Department.* December 31, 1890.)

1. Injunction—When Lies—Adequate Remedy at Law.
   The remedy at law by action of replevin or trover is adequate for the recovery of goods which the consignee had fraudulently transferred to his assignee for the benefit of creditors, and injunction will not lie to restrain their sale.

2. Same—Proceeds of Sale—Distribution.
   But where such goods, or any part of them, have been sold, injunction will lie to restrain the distribution of the proceeds among creditors, replevin and trover being inadequate in such case for plaintiff's redress.

Appeal from special term, New York county.

Action by John J. McDonald against William H. Bayne and others for an injunction. There was judgment for plaintiff, and defendants appeal.

Argued before Van Brunt, P. J., and Bartlett, J.

*E. B. Whitney,* for appellants. *John Notman,* for respondent.

Van Brunt, P. J. The plaintiff is the assignee of one Murphy, and the defendant Taylor is the assignee of the firm of Ross, Campbell & Co. Murphy had consigned goods to the firm of Ross, Campbell & Co. prior to their assignment, which occurred on the 27th of March, 1890. In January, 1890, Ross, Campbell & Co. were directed by Murphy to turn over all unsold goods of his in their possession, which they represented that they did. They then rendered an account of sales, setting forth that certain goods had been sold for his account, and that they had obtained certain prices for the same; but, as those prices were much below the market value of the goods, the plaintiff, as assignee of Murphy, gave notice on the 4th of March, 1890, to Ross, Campbell & Co. that those sales would not be accepted. Subsequently Ross, Campbell & Co. made an assignment to the defendant Taylor; and on the 24th of April, 1890, the plaintiff, on visiting the store previously occupied by Ross, Campbell & Co., discovered that the goods in question had not been sold, but that they had been taken to their account by Ross, Campbell & Co., and charged to themselves, and that they had falsely represented that they had sold them for the prices stated. Immediately upon making this discovery Murphy de-. manded delivery on the part of the plaintiff of the goods and their proceeds. The defendant Taylor refused, and still refuses, to deliver or pay over the. same, and, it further appearing that the defendants had sold or were about to sell and dispose of the same, and distribute the proceeds among the creditors of Ross, Campbell & Co., application was made for this injunction. The nature of the answer to this application is in the shape of a demurrer to the form of the bill. It is urged that trover or replevin would lie, and, that being, the case, relief by injunction cannot be sought. This would undoubtedly be true were it not for the allegation contained in the complaint that some of the goods had been sold, and the proceeds were liable to be distributed among the creditors of Ross, Campbell & Co. Replevin could not reach these proceeds. They are clearly the property of the plaintiff, which he has a right to reach and to claim in the hands of the assignee of Ross, Campbell & Co., and which he has a right to prevent being distributed among the creditors of that firm. If none of these goods had been sold, replevin would undoubtedly have been a complete remedy at law; but, as the plaintiff's demand cannot be split up, and he have replevin as to one part and a proceeding in equity to reach the proceeds of the other part which had been sold, he has a right to resort to that remedy which will afford him complete relief. The argument submitted upon the part of the appellant seems to be addressed almost exclusively to the point that replevin would afford the plaintiff relief. This, however, we have seen is not well founded. Neither is the suggestion that there is no claim in the complaint that the defendant Taylor is not able to answer in trover. These goods belonged to the plaintiff. They have been wrongfully disposed of by

the defendant; and, so long as the plaintiff can trace the proceeds in the hands of the assignee, he has a right to recover the same, in order that the judgment requiring the defendant to pay over these proceeds to the plaintiff in case he is successful shall be effectual. The order should be affirmed, with $10 costs and disbursements.