[Sac. No. 175.   Department One.—August 26, 1896.]

ELIZABETH J. ROHRER, Executrix, etc., Respondent, v. A. L. BABCOCK, Appellant.

Injunction—Removal and Consumption of Hay.—Under section 526 of the Code of Civil Procedure, the owner of a stack of hay, a part of which an insolvent defendent has unlawfully removed and fed to his cattle, and the balance of which he threatens to so remove and use, is entitled to an injunction *pendente lite* restraining the continuance of the trespass.

Appeal from an order of the Superior Court of Siskiyou County refusing to dissolve an injunction.   J. S. Beard, Judge.

The facts are stated in the opinion.

*Warren & Taylor*, and *T. M. Osmont*, for Appellant.

*James F. Farraher*, for Respondent.

Britt, C.—The court below denied defendant's motion—heard on the plaintiff's complaint alone—to dissolve a preliminary injunction restraining defendant, during the pendency of the action, from "removing or molesting" certain fifty tons of hay, which same was grown and stacked, it seems, on land forming part of the estate of plaintiff's testator, and the question is whether sufficient facts are stated in the complaint to justify the issuance of the writ.   It is there alleged, among other matters, that plaintiff, as executrix, is the owner of the hay, and that defendant, without right, has commenced hauling the same from the stacks and feeding it to cattle and other livestock, and threatens to

remove the whole of it and feed it to such stock, and
will do so unless enjoined; that he is without means to
respond in damages, and, if he is permitted to remove
the hay, plaintiff will be irreparably injured.   Defendant
argues that plaintiff has ample remedy in the ordinary
course of law, and therefore that no injunction lies.

The complaint is meager in its detail of facts tending
to show that plaintiff is remediless unless the writ of
injunction is interposed in her behalf; but so much lati-
tude is permitted to the discretion of the judge in allow-
ing and dissolving interlocutory injunctions, that the
order made in this instance ought not to be reversed un-
less the complaint is barren of equity to such degree that
this court can say there was an abuse of that discretion.
It is no doubt true that in general an injunction does not
lie to prevent trespass upon either real or personal prop-
erty, and this for the reason that, commonly, purely
legal remedies suffice for the plaintiff's redress.   (See
*Mechanics' Foundry* v. *Ryall*, 75 Cal. 601.)   The reason
of the rule ceasing, the rule ought to cease.   Here re-
plevin is the remedy which appellant most insists was
appropriate to the plaintiff's case; but she avers, and
the averment must for present purposes be taken as
true, that defendant is feeding the hay to livestock,
and will continue so to do unless restrained; she could
maintain no action in the nature of replevin for hay
not in defendant's possession, and obviously the several
portions of it hauled away by him might and probably
would be consumed before successive writs for its re-
delivery could be obtained and served; and he being
insolvent, judgment for its value would be of no avail.
The facts are fairly within the provision of section 526
of the Code of Civil Procedure, permitting an injunction
when it appears during the litigation that defendant is
doing, or threatens to do, some act respecting the sub-
ject of the action, in violation of the plaintiff's rights
and tending to render the judgment ineffectual.   The
following cases, among others, tend more or less di-
rectly to support our conclusion: *Hicks* v. *Compton*, 18

Cal. 206; *West* v. *Smith*, 52 Cal. 322; *McDonald* v. *Bayne*, 58 Hun, 611; 12 N. Y. Supp. 772; *Wilson* v. *Hill*, 46 N. J. Eq. 367. The order appealed from should be affirmed.

Belcher, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Harrison, J., Van Fleet, J., Garoutte, J.