[Sac. No. 490.   Department One.—September 29, 1899.]

ELIZABETH J. ROHRER, Executrix, et cetera, Respondent, v. A. L. BABCOCK, Appellant.

CROPPING CONTRACT—TENANCY IN COMMON—DIVISION OF SHARES—OWNERSHIP.—Under a cropping contract which provides for an annual division of the crops between the owner of the land and the cropper, in equal shares, the parties are tenants in common of the crops raised until they are divided; and after a division each party owns that portion of the crops set apart to him.

ID.—DIVISION OF HAY—LIEN OF CROPPER NOT PROVIDED FOR.—After a division of the hay crop by stacking one-half thereof in each of two yards, and the selection of that stacked in a particular

yard by the agent of the owner, at the request of the cropper, the title of the hay in the yard so selected is in the owner; and if there is no agreement reserving or giving to the cropper a lien upon or interest in the hay so selected, he can claim no interest therein or lien thereupon for any payment claimed to be due under the lease.

ID.—ACTION BY OWNER—PERFORMANCE OF CONTRACT—INDEPENDENT PROVISIONS—PLEADING.—Where the ownership and control of the hay selected by the owner of the land does not depend, by the terms of the contract, upon the performance of agreements in the contract on his part to pay the cropper for pasturage, and to furnish certain materials, it is not necessary in an action by him to enforce such ownership to allege or prove the performance of those agreements on his part to entitle him to recover.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial.   J. S. Beard, Judge.

The facts are stated in the opinion.

Warren & Taylor, for Appellant.

James F. Farraher, for Respondent.

GRAY, C.—This action was brought to obtain a judgment decreeing the estate of John B. Rohrer, deceased, to be the owner of certain hay, and plaintiff to be entitled to the possession thereof.   Plaintiff also prayed for and obtained a temporary injunction restraining all interference with said hay pending judgment herein.   An appeal was heretofore taken from an order refusing to dissolve said injunction, and said order was affirmed.   (*Rohrer v. Babcock*, 114 Cal. 124.)   Thereafter the case was tried before the court without a jury, the plaintiff had judgment, and the defendant appeals from the same and from an order denying a new trial.

The hay in controversy was grown, cut, and stacked by defendant on the lands of said estate under a cropping contract theretofore entered into between plaintiff and defendant.   The contract provided as to the hay in controversy that the second party to said contract (the appellant here) "will stack in the stackyard on the lower place, the one-half of the second quality hay grown each year on the said hereby leased premises. . . . . It being, however, mutually agreed that in the event of said first

party desiring to have her said one-half of said second quality of hay stacked in the stackyard on the upper place . . . . said second party shall . . . . haul said one-half . . . . to said upper stackyards. . . . . The division of hay, to be stacked hereunder, shall be made in the manner hereinafter mutually agreed upon by the said parties hereto. . . . . That all the property to be delivered by said second party hereunder to said first party is to be delivered, and division had each year, to the end that there may be a complete settlement each year covered by this lease."

The contract also provided for the delivery of a share of the other crops grown on the premises to the party of the first part (the respondent herein), and that said first party should place the fences in repair, and furnish material to keep them in repair and to construct any new fences that might be decided upon. The respondent was also to have the right part of the year to the pasturage of a portion of the premises, she to pay ten dollars a year therefor. Under this contract, in the cropping season of 1895, the appellant stacked one-half the hay referred to in the above stipulations of the contract in the lower stackyard on said premises, and the other half thereof was stacked in another stackyard (presumably the upper one). Some time after the hay had been so stacked, the appellant requested J. B. Rohrer, the son of respondent, to assist in dividing the hay, telling him, according to Rohrer's testimony, to look the hay over and take his choice between the two yards of hay. Rohrer made measurements and selected the hay in one of the yards as his mother's share, and informed appellant of such selection. It does not appear from the evidence which yard he selected, but, looking at the pleadings, I think it sufficiently appears that he selected the hay in the lower stackyard. About ten minutes after this, as appellant was getting ready to leave the place, he pointed out two stacks in the yard selected by Rohrer and forbid him to touch them, claiming that there was money due him for pasturage under the terms of the lease, and that he proposed to hold those two stacks until he was paid. Thereafter appellant commenced to haul away and feed out these two stacks of hay, whereupon this suit was begun, as we understand it, to determine the ownership and right of pos-

session to said two stacks of hay. We think this case was properly decided in the trial court. The parties to this suit were tenants in common of all the crops raised under the cropping contract until such crops were divided. (*Baughman v. Reed,* 75 Cal. 319; 7 Am. St. Rep. 170.) After a division, each party owned that portion of the crops set apart to him. (*Crocker v. Cunningham,* 122 Cal. 547.) The contract between the parties did not contemplate anything as to the delivery of the hay to be grown, other than that respondent's share of it should be stacked in a certain place, to wit, in the lower stackyard, unless respondent should signify her option to have it stacked in the upper stackyard. The stacking of this hay in two places, the half of it in each place, would seem to constitute a complete division of it, and place the ownership of the hay of that season, stacked in the lower stackyard, in the estate of the decedent; but if that be not so, surely after the respondent had, through her agent, selected the hay at the lower stackyard, in response to a request from appellant that she make a selection, there could be no further question that a division of the property had been effected.

There was no agreement in the cropping lease or elsewhere reserving or giving to appellant any lien on any interest in the hay. His claim, therefore, that he could hold the hay, or any portion of it not belonging to him, until he was paid whatever might be due him under the lease, is without foundation. The ownership and right to possession of a share of the crops does not depend upon the performance of those agreements in the contract to pay for pasturage and to furnish certain materials, and it was not necessary to allege or to prove the performance of those agreements to entitle respondent to recover in this action.

We advise that the judgment and order denying a new trial be affirmed.

Britt, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

Van Dyke, J., Harrison, J., Garoutte, J.