## BRUSH v. MAYDWELL et als.

M. and B., the plaintiff, were partners in a ranch and hotel. The ranch was public land, taken up under the State law, in the name of M. M. sells one-half to B. taking a mortgage back; B. agreeing to pay certain firm debts. This sale and agreement were afterward canceled, and B. sold M. one-half the ranch. Defendant, Myers, agrees to buy of B. his half of ranch; goes into possession, but afterward refuses to buy, and buys the half from O. who bought the whole of M. At time of ,this last purchase O. and M. knew of B.'s title. *Held*, that a bill in equity by B. against M., O., and Myers, for an account of the partnership between M. & B. and for a decree establishing plaintiff's right to the ranch, does not lie; that his remedy at law for his half of the ranch, against M. or any one claiming under him, with notice of his title, is clear; and that M. would be estopped from disputing the title.

In such case, the claim of plaintiff to the ranch does not depend at all on the settlement of the partnership. The sale by M. to plaintiff divested the ranch of its character as partnership property, and the reconveyance by plaintiff to M. of one-half, made them tenants in common.

As M. makes no defense to the bill, it is good as against him for an account.

APPEAL from the Ninth District.

Defendants had judgment below, on the ground that the agreement between plaintiff and Maydwell, as to the former's interest in the land, was executory, and that the ranch, being recorded in the latter's name, and he being in possession, had a right to sell to the other defendants in the absence of proof that they knew a sale and delivery of the ranch had been made by Maydwell to plaintiff.

Plaintiff appeals.

*J. Chadbourne*, for Appellant, cited: *Harlan* v. *Smith*, (6 Cal. 173,) to the point that Maydwell, having failed to answer, the bill must be taken as true as to him.

*Thos. Sunderland*, for Respondents, argued: That the remedy by bill in equity is not proper, as ejectment lies.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The bill charges that Maydwell and Brush were in partnership in a ranch and hotel, and in the business of keeping and conducting the same. That the ranch was taken up in the name of Maydwell, and the claim so recorded under the Act rel-

Brush *v.* Maydwell.

ative to possessory claims. That Maydwell sold out his interest to Brush, taking back a mortgage to secure the purchase money, Brush agreeing to pay certain debts of the concern. That afterward this sale and agreement were canceled, and Brush agreed to sell, and did sell, to Maydwell, (or reconvey) the one-half of the ranch and furniture (retaining himself the one-half). That defendant, Myers, agreed to buy from the plaintiff this interest, but afterward refused to do so. That one 'Owens bought the whole ranch of Maydwell, and afterward sold to Myers one-half. That this purchase was made with actual knowledge by Owens and Myers of the title of the plaintiff, and was made in fraud of his rights. The bill states that the partnership accounts are unsettled—prays an account, etc. and a decree establishing the plaintiff's rights.

From this statement, we do not see any necessity of going into a Court of Equity. If the plaintiff be entitled to this moiety of the ranch by express agreement with Maydwell, and is entitled to recover at all, we do not see why he cannot recover at law. The legal title seems to be in the government; the claim of these parties was only originally to the possession; this possession, it is true, we regard as property; but it is not necessary to go into equity to protect the plaintiff's right. The transfer to him by Maydwell, and the written acknowledgment of his right by Maydwell, are sufficient to maintain a possessory action against Maydwell, or any one claiming through him, with notice of the plaintiff's title.

The bill, too, avers that Myers went into possession under contract with plaintiff. If this be the fact, it would estop him in an action at law from disputing the title of the plaintiff.

We do not see, under the circumstances, that the claim of the plaintiff is at all dependent upon the settlement of the partnership account.

The sale by Maydwell to the plaintiff of the property, divested it of its character of partnership, or common property, if it ever were such, and the reconveyance by Brush of one-half left the parties as ordinary tenants in common of the ranch, as if this ranch had been partnership property and been divided. The sale by Maydwell passed no title to his vendee, if the vendee had notice, as the bill alleges.

But Maydwell made no defense. The bill is good against him for an account, but bad as against the other defendants. The decree is affirmed as to Owens and Myers, but reversed and remanded as to Maydwell—but without costs.

Ordered accordingly.