[L. A. No. 636.   Department One.—May 15, 1899.]

### WALTER I. DE GROOT, Appellant, v. LOUIS H. PETERS, Respondent.

INJUNCTION—DISCHARGED EMPLOYEE ASSUMING TO ACT AS PARTNER—INSOLVENCY.—One who, under a written contract with the owner of a business, for employment under a salary, with a contingent right to a share of the net profits, has been discharged for neglect of duty, but continues to trespass upon the business premises, and, without any interest as partner, assumes control over the business, intercepts money due to the owner, and holds himself out to the public as a partner having the right to do these things, and who is admittedly insolvent, may be enjoined from the continuance of such conduct, there being no adequate remedy at law therefor.

ID.—INTEREST IN NET PROFITS—ACCESS TO PREMISES—OFFER OF OWNER TO SUBMIT BOOKS.—The fact that the employee had a contingent right to share in the net profits of the business does not require that he should be allowed free access to the business premises, in order to protect his interest therein, where the existence of such profits is disputed, and it is not shown that, if there were profits, his presence in the store is necessary for the protection of his share thereof.

APPEAL from an order of the Superior Court of Los Angeles County refusing to dissolve an injunction. Lucien Shaw, Judge.

The facts are stated in the opinion.

Fuller & Burnett, for Appellant.

J. Noonan Phillips, and Goodrich & McCutchen, for Respondent.

BRITT, C.—Plaintiff alleged in his complaint in this action that himself and defendant are partners under the name of the Buffalo Woolen Company, constituted such by an agreement in

writing, engaged, it seems, in the business of merchant tailors;
and upon information and belief he charged that defendant
committed divers specified acts of misconduct in the course
of said business; wherefore he prayed a dissolution and an
accounting.    Defendant answered, denying any partnership
with plaintiff, and exhibiting a contract in writing between
them, by the terms whereof (as the court below seems to have
interpreted it, and we think correctly) the plaintiff was em-
ployed by defendant as a salesman upon a salary in said business,
with a right to one-fourth of the net profits, if any, but was not
made a partner with defendant.    At the time of filing such an-
swer defendant filed also a sworn cross-complaint, in which he
averred, among other things, that the written contract exhibited
in his answer is the same agreement mentioned in plaintiff's
complaint; that plaintiff was in his employ as a salesman, and
that after the commencement of this action plaintiff neglected
his duties in that capacity and harassed defendant in the con-
duct of his business, and that defendant discharged him; that
nevertheless plaintiff holds himself out to the public as a part-
ner in said business and intrudes into defendant's office and
place of business and there remains, interfering with defend-
ant's affairs; that he has collected money from the patrons of
defendant, due to the latter, and converted it to his own use;
that he claims the right to do these things as a partner in the
business, and threatens and intends to continue such acts con-
trary to the will of defendant; and that plaintiff is insolvent.
Defendant prayed an injunction to restrain the continuance of
said conduct of plaintiff, and the court granted the writ.    After-
ward plaintiff answered the cross-complaint, denying some of
its averments, and reasserting his status as a partner; but he
did not deny that his alleged contract of partnership is con-
tained in the instrument described in the pleadings of defend-
ant, or that he attempts to participate in the management of
the business, or that he is insolvent.    He moved for a dissolu-
tion of the injunction; the motion was heard on the pleadings
and was denied; hence this appeal.

The main insistence of plaintiff is that, conceding himself
to have no interest as a partner, yet the case made shows that
at most he is a mere trespasser in defendant's store, and that

injunction does not lie to restrain him; citing *Mechanics' Foundry v. Ryall*, 75 Cal. 601. This case is clearly distinguishable from that; upon the defendant's showing (which for the purposes of this appeal must be said to be quite imperfectly repelled by plaintiff's answer to the cross-complaint) it appears that plaintiff is not only a trespasser upon the premises of defendant, but assumes a control over his business, intercepts moneys due to him, and holds himself out to the public as a partner having the right to do these things. Bodily ejection of plaintiff from the premises would not necessarily prevent the continuance of such injuries; nor would an action for damages afford adequate relief, for the reasons, among others, that it would be extremely difficult to ascertain in pecuniary terms the amount of damage, and that plaintiff is admittedly insolvent. No authority in point is brought to our notice, but the following illustrate in some measure the principles which should govern here: *Kellogg v. King*, 114 Cal. 378; 55 Am. St. Rep. 74; *Routh v. Webster*, 10 Beav. 561; *Brass etc. Works Co. v. Payne*, 50 Ohio St. 115; Bates on Partnership, secs. 772, 990; Parsons on Partnership, 4th ed., sec. 216.

Plaintiff also contends that in any event he should have been allowed free access to the store in order to protect his interest in the net profits of the business. On that point it is sufficient to say that the defendant averred positively in his pleadings that the business never yielded any net profit, and offered to submit his books and all his transactions to scrutiny in support of his assertion; and the plaintiff showed no reason why, if there were such profits, his presence in the store is necessary for the protection of his share thereof.

The order appealed from should be affirmed.

Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.