MICHAEL MADOIAN *et al. vs.* UNION FOR THE REHABILITATION OF THE VILLAGE OF HAGHT *et al.*

APRIL 21, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an appeal from a decree of the Superior Court, entered in the above cause in equity, giving the relief sought by the bill. The respondent corporation was organized for charitable purposes under the provisions of Art. III, Sec. 71, G. L. 1923.

The bill alleges that said corporation was organized for the purpose of soliciting funds throughout the world for the relief and rehabilitation of the Village of Haght in Armenia.

The general policy of the corporation appears to be controlled by a grand convention which meets from time to time but the immediate direction of its affairs is vested in a

central committee consisting of the officers of the corporation who are appointed by the grand convention. These officers when the bill was filed were the complainants, Michael Madoian and Dakes Tomasian and the respondents Arsen Mamatian, Stephen Derderian and Kazar Arzivian. The by-laws of the corporation provides that "A certain amount of money from the assets of the Union shall remain in the bank as an untouchable fund."

It is alleged in the bill that the grand convention voted that the corporation and the officers acting for it shall not permit or allow the funds of the said corporation to be withdrawn below the sum of $8,000. Any three of the central committee had the right to withdraw funds from the bank.

It appears that the respondents being a majority of the central committee had withdrawn funds so that the balance remaining in the bank was under $8,000. In the Superior Court the respondents denied that the amount that must remain on deposit was fixed by the grand convention. The trial justice found adversely to them on this issue and the individual respondents do not attack his findings of fact but raise now for the first time a question as to the jurisdiction of a court of equity in the premises.

There is no merit in the contention that no property rights are involved. The sole ground of complaint is that a part of the property of the corporation has been disposed of contrary to a vote of the grand convention and that the individual respondents threaten to make further disposition of the funds of the corporation in defiance of such vote. The respondents also invoke the familiar equitable principle that a court of equity will not entertain a suit by stockholders to redress a wrong done to the corporation. But if it appears that an appeal to those in control would be futile, then the stockholders may act in behalf of the corporation. *Gallogly* v. *Stender*, 51 R. I. 303.

As the individual respondents constitute the majority of the central committee and as the acts complained of were

committed by them, it is obvious that a request to them to have the corporation take action against themselves would have been futile.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court.

*Jasper Rustigian, Flynn & Mahoney, James W. Leighton,* for complainants.

*Armanoog Thomasian, Joseph C. Cawley,* for respondents.