[Civ. No. 2822.   Fourth Dist.   July 2, 1942.]

THOMAS M. REARDON et al., Respondents, v. L. A. MELBOURNE, Appellant.

Joseph A. Brown for Appellant.

Thomas M. Hamilton for Respondents.

MARKS, J.—This is an appeal from a judgment in favor of Thomas M. Reardon against L. A. Melbourne for $162.50.

Plaintiffs' amended complaint attempts to state four causes of action.

In the first cause of action it is alleged that Reardon is a duly licensed real estate broker; that on January 21, 1940, Reardon and Melbourne entered into a contract concerning the sale of real property in San Diego and that Melbourne signed a memorandum in writing agreeing to pay Reardon $162.50 commission if he found a buyer at the price of $3,250; that Reardon procured his co-plaintiff, Joseph C.

Ventura, as a buyer, "who is ready, willing, and able to purchase the said property and has tendered the purchase price"; that Melbourne refused to pay Reardon the commission of $162.50.

The second cause of action incorporated the allegation of the first by reference and alleged that when Melbourne agreed to pay Reardon the commission he was acting in his own behalf and not as agent and wrongfully held himself out as acting for and on behalf of the real owner of the real estate.

The third cause of action incorporated therein by reference paragraphs I, II, and III of the first cause of action which alleged residence of plaintiffs in San Diego, that Reardon was a licensed real estate broker and that Melbourne signed the written memorandum to pay the commission. It was further alleged that the other defendant, Martha J. Reichmuth, was the owner of the real property; that she "entered into a contract in writing to sell the said real property in the city of San Diego, State of California, for the sum of $3,250.00; that the plaintiff, Joseph C. Ventura, contracted and agreed to buy the said real property for the said sum; that he is ready, willing and able to buy the said property, has tendered a purchase price" and that defendant Reichmuth refused to sell it; that Ventura has been damaged by such refusal by being deprived of the rentals at the rate of $40 per month "and that he is entitled to specific performance of the said contract."

The fourth cause of action incorporated by reference the allegations of the first cause of action and alleged that in agreeing to pay Reardon a commission Melbourne "was acting as the agent lawfully authorized of defendant, Martha J. Reichmuth"; that the commission is due and owing Reardon from her.

The prayer prays judgment against Melbourne or Reichmuth in the sum of $162.50; for judgment in favor of Ventura against Reichmuth for damages for loss of rent in the sum of $40 per month from March 5, 1940; that Ventura have judgment against Reichmuth that she "specifically perform her contract" and convey the real property to him.

Defendants demurred both generally and specially to all counts of the complaint.

On March 11, 1941, the trial court entered judgment of nonsuit "with prejudice" in favor of Reichmuth. This

judgment contains the following recital: ". . . and plaintiffs having in open court admitted that they had no cause of action against the defendant, Martha J. Reichmuth, and plaintiffs having consented in open court that a judgment of nonsuit be entered against them in favor of Martha J. Reichmuth. . . ."

On March 12, 1941, judgment was entered in favor of Reardon against Melbourne in the sum of $162.50. Findings were waived, but the court did find in the judgment that "the allegations of the second cause of action in plaintiffs' amended complaint are true."

■ Melbourne urges as a ground for reversal of the judgment that the court had no jurisdiction of the subject matter of the action and that his demurrer should have been sustained. The demurrer should have been sustained, especially as to the third count in which there is apparently some attempt made, though a vague and futile one, to state a cause of action for specific performance. (23 Cal. Jur. 495, § 53, et seq., and cases cited.)

Reardon attempts to support the judgment by urging that the court had jurisdiction because the action involved the ownership of real property and had as one purpose the specific enforcement of a contract to convey real property; that once having acquired jurisdiction the court could render any proper money judgment for an amount within the exclusive jurisdiction of the municipal court though it decided the specific performance issue against plaintiffs (citing *Morrissey* v. *Morrissey*, 191 Cal. 782 [218 Pac. 396].) As a general rule his argument is well supported by the authorities.

We will assume, without holding, contrary to the contentions of Melbourne, that the causes of actions and parties were properly joined. (§ 378 et seq., Code Civ. Proc.; § 427, Code Civ. Proc.)

The jurisdiction of the trial court must depend on the purported cause of action for specific performance, for the maximum amount of money judgments sought against both defendants was far short of $2,000, which, in the absence of the purported equitable cause of action, would place jurisdiction exclusively in the municipal court.

To bring this case without the general rule, we have here a pleading that does not state any cause of action for specific performance. Further, we have the plaintiffs admitting in

open court "that they had no cause of action against the defendant, Martha J. Reichmuth," and consenting to judgment in her favor.

We do not believe that jurisdiction can be conferred on the superior court by any such proceeding. Plaintiffs' pleading did not state an equitable cause of action. It only hinted at one. Plaintiffs admitted they had no such cause of action. Having none they should not have attempted to plead one. If such a proceeding were approved a plaintiff could confer jurisdiction on the superior court by simply adding to his legitimate cause of action, properly belonging in the municipal court, allegations of an imaginary cause of action falling within the jurisdiction of the superior court. This should not be permitted especially when the imaginary cause of action is abandoned before trial.

The rule on motions for change of venue because of nonresidence of the defendants in the county in which the action is pending should be applicable here. If a resident defendant is joined and he is palpably an unnecessary party against whom no cause of action exists the fact of his being joined will not prevent the nonresident defendants from having the place of trial changed to the county of their residence. (25 Cal. Jur., p. 879, § 21.)

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.