[Civ. No. 21151.   Second Dist., Div. Three.   Sept. 8, 1955.]

ST. JAMES CHURCH OF CHRIST HOLINESS (a Religious Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; DANIEL BOONE, Real Party in Interest.

Marshall Denton, Jr., for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

VALLÉE, J.—Petitioner seeks a writ of mandamus to compel the superior court to assume and exercise jurisdiction of an action in which it is the plaintiff and Daniel Boone is the defendant.

On December 17, 1954, petitioner filed an action in the Superior Court in and for the county of Los Angeles, Number 643595. The complaint named Daniel Boone as the sole defendant. Complaint and summons were served. The superior court on its own motion transferred the action to the municipal court on the ground jurisdiction was in the latter court. The municipal court transferred the action back to the superior court on the ground jurisdiction was in that court. The superior court then refused to assume or exercise jurisdiction and caused the following order to be entered: "This Court declines to hear this matter or make any order herein on the ground the Court does not have jurisdiction. The Municipal Court has the exclusive jurisdiction of this matter." This proceeding followed and an alternative writ issued.

Mandamus is the proper remedy to compel the superior court to act if it erroneously refuses to assume and exercise jurisdiction. (*Texas Co.* v. *Superior Court,* 27 Cal.App.2d 651, 654 [81 P.2d 575] ; *Harrison* v. *Superior Court,* 3 Cal. App.2d 469, 471 [39 P.2d 825] ; *Ingalls* v. *Superior Court,* 121 Cal.App. 453, 454 [9 P.2d 266].)

The Constitution gives the superior court original jurisdiction in all civil cases and proceedings except those in which jurisdiction is given by law to municipal or to justices or other

356

inferior courts, with exceptions not material here. (Const., art. VI, § 5.) The Constitution empowers the Legislature to provide by general law for the jurisdiction of municipal courts. (Const., art. VI, § 11.) Section 89 of the Code of Civil Procedure is the general law which gives municipal courts original jurisdiction of certain civil cases and proceedings. So far as relevant, it gives municipal courts original jurisdiction: in all cases at law in which the demand, exclusive of interest, amounts to $3,000 or less; "[t]o issue temporary restraining orders and preliminary injunctions, to take accounts, and to appoint receivers, where necessary to preserve the property or rights of any party to an action of which the court has jurisdiction;" "of all cases in equity to try title to personal property when the amount involved is not more than three thousand dollars ($3,000)." ▮ The superior courts are courts of general jurisdiction, while the jurisdiction of municipal courts is limited to cases and proceedings in which it is expressly conferred. (*In re Shaw,* 115 Cal.App.2d 753, 755 [252 P.2d 970].)

▮ The test of the jurisdiction of a court is to be found in the nature of the case as made by the complaint and the relief sought. (Code Civ. Proc., § 396; *Silverman* v. *Greenberg,* 12 Cal.2d 252, 254 [83 P.2d 293].) ▮ The allegations of the pleading and the relief sought establish the character of the action. (*Id.*) ▮ The prayer of the complaint does not conclude the question of jurisdiction, regardless of the allegations on which it is founded.

The complaint in action 643595, filed December 17, 1954, alleges:

1. The plaintiff is a religious corporation. Evans, Mrs. C. Boone, Macky, and Sampson are trustees of the plaintiff. The defendant, Daniel Boone, is also a duly elected and qualified trustee of the plaintiff but is not now acting as such and has not acted as such for almost a year last past. He has failed to attend regular and special meetings of the trustees after notice and has failed and refused to cooperate as trustee in conducting the affairs and business of the plaintiff. The action is commenced pursuant to a resolution of the board of trustees of the plaintiff.

2. During the month of June 1954, the defendant, Daniel Boone, "acting as an individual trustee and without prior consultation, knowledge or consent of the remaining" trustees and without a resolution or meeting of the board of trustees, executed a purported one-year lease of the church premises of

the plaintiff to third parties at a rental of $40 a month. Since executing the purported lease, the defendant has collected and received $240 from such third parties as rent for the plaintiff's church property. The defendant "now holds and has the possession" of the $240 and refuses to pay it over or make it available to the plaintiff notwithstanding numerous demands made on him.

3. The defendant has threatened and now threatens to continue to hold the $240 and to continue the collection of the monthly rental against the will of the plaintiff and without right, notwithstanding numerous demands to desist and discontinue.

4. The third party tenants are ready, willing, and able to pay the $40 rental to the plaintiff upon assurance by the plaintiff to them that they may legally do so without liability to the defendant. The defendant has heretofore and is now informing and advising the third party tenants that the trustees of the plaintiff are not entitled to receive the rentals and that only he, the defendant, Daniel Boone, is entitled to receive them. This representation is false.

5. On information and belief, that if an injunction is not issued enjoining the defendant from further representing himself as being authorized to act on behalf of the plaintiff, he will continue to collect and hold the rentals to the plaintiff's great and irreparable damage. The defendant is insolvent and judgment-proof.

6. Since the defendant collected the $240, on information and belief, he has collected additional rental, the exact amount of which is unknown to the plaintiff. When the amount is ascertained, leave is requested to amend the complaint to show the amount thereof. An accounting is necessary to ascertain the true amount of rentals collected and now held by the defendant. The plaintiff has no speedy and adequate remedy at law.

The prayer is (1) for an injunction permanently enjoining the defendant from collecting or attempting to collect future rentals from the third party tenants and from interfering with the collections of such rentals by the authorized trustees of the plaintiff; (2) that the defendant be required to make and submit a true and correct accounting of all moneys which he has collected from the third party tenants under the terms of the lease and "that upon such accounting having been taken, that a money judgment be rendered herein in favor of plaintiff and against said defendant in an amount

which this court may find is due from said defendant to plaintiff herein"; (3) for general relief.

■ When the nature of the action vests jurisdiction in the municipal court, it may not be conferred on the superior court by failure of the parties to object thereto. (*Tennesen* v. *Prudential Ins. Co.*, 8 Cal.App.2d 160, 162 [47 P.2d 1066].)

■ A plaintiff cannot confer jurisdiction on the superior court by adding to a legitimate cause of action, properly within the jurisdiction of the municipal court, allegations of an imaginary cause of action falling within the jurisdiction of the superior court. (*Reardon* v. *Melbourne*, 53 Cal.App.2d 257, 260 [127 P.2d 618].) ■ The form of action is immaterial if a cause of action is actually stated, the doctrine of "theory of pleading" having been repudiated in this state. (*Campbell* v. *Veith*, 121 Cal.App.2d 729, 732 [264 P.2d 141].)

■ Generally if the action is substantially of an equitable as well as of a legal nature, the superior court is invested with jurisdiction to hear and determine the entire cause. (*Silverman* v. *Greenberg*, 12 Cal.2d 252, 254 [83 P.2d 293].)

■ The statute conferring jurisdiction on municipal courts of demands below certain amounts does not forbid determination of such demands in the superior court where they are connected with a type of demand solely within the jurisdiction of the superior court. (*Kane* v. *Mendenhall*, 5 Cal.2d 749, 756 [56 P.2d 498].)

"The distinction between actions at law and suits in equity is largely one of the remedy, and yet it has often been used as a convenient reference line for separating the jurisdiction of one court from that of another. The original Municipal Court Act (Stats. 1925, p. 658) used that line almost entirely for marking out the jurisdiction of municipal courts, confining them, in the main, to actions at law; and this use of it has been preserved, although with an increasing number of exceptions, in subsequent statutes, including section 89 of the Code of Civil Procedure which now regulates the matter. With the jurisdiction of a court limited to actions at law, it cannot be held that such court has jurisdiction of the case presented by a pleading in which a plaintiff seeks primarily equitable relief, and shows by appropriate allegations his right to that relief, even though on the same facts, or some of them, he might also obtain incidental relief at law. (1 C.J.S. 1161, 1162.) However, the facts necessary here for the two kinds of relief sought are not identical." (*Cook* v. *Winklepleck*, 16 Cal.App.2d Supp. 759, 766 [59 P.2d 463].)

If an action is for an amount which is unliquidated and unascertained and which cannot be determined without an accounting, it is a suit in equity. (*Kritzer* v. *Lancaster,* 96 Cal.App.2d 1, 6 [214 P.2d 407]; *Vail* v. *Pacific Fish Products Co.,* 76 Cal.App. 58, 78 [243 P. 869]; 1 Cal.Jur.2d 414, § 77 et seq.) If a complaint sets forth all the facts necessary for the calculation of an account between the parties, recovery may be had in an action at law. (*Faivre* v. *Daley,* 93 Cal. 664, 673 [29 P. 256]; *Horn* v. *Los Angeles Nut House,* 15 Cal.App.2d 22, 26 [58 P.2d 1299].) A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. (*Faivre* v. *Daley,* 93 Cal. 664, 673 [29 P. 256]; *Brush* v. *Maydwell,* 14 Cal. 208.) An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain. (*Kinley* v. *Thelen,* 158 Cal. 175, 182 [110 P. 513].)

The complaint does not state a case for an accounting. It clearly appears that none is necessary; and that so far as recovery of moneys alleged to have been collected by the defendant is sought, the plaintiff has an adequate remedy at law. All the facts necessary for the calculation of the amount sought are alleged or can be alleged in a supplemental complaint and the amount is certain.

A suit for an injunction is a case in equity. (*Coast Truck Line* v. *Asbury Truck Co.,* 218 Cal. 337, 339 [23 P.2d 513].) On the facts alleged an injunction will lie. (*De Groot* v. *Peters,* 124 Cal. 406 [57 P. 209, 71 Am.St.Rep. 91]; *Tracy* v. *Central Trust Co.,* 327 Pa. 77 [192 A. 869, 870]; *Madoian* v. *Union for Rehabilitation of Village of Haght,* 53 R.I. 236 [165 A. 770]; *Crane* v. *Hearn,* 26 N.J.Eq. 378, 381; 90 C.J.S. 655, § 357. *Cf. Rohrer* v. *Babcock,* 114 Cal. 124 [45 P. 1054].) Code of Civil Procedure, section 526, in part provides:

"An injunction may be granted in the following cases:

"1. When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;

"2. When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action;"

Civil Code, section 3422, provides:

"[A] final injunction may be granted to prevent the breach of an obligation existing in favor of the applicant: . . .

"4. Where the obligation arises from a trust."

The Restatement says:

"If there are several trustees, one or more of them can maintain a suit against another to compel him to perform his duties under the trust, or to enjoin him from committing a breach of trust, or to compel him to redress a breach of trust committed by him. A trustee is not precluded from maintaining such a suit by the fact that he himself participated in the breach of trust, since the suit is on behalf of the beneficiary." (Rest., Trusts, 529, § 200, comment d.)

The cross-complaint in *De Groot* v. *Peters, supra,* 124 Cal. 406, alleged (p. 407):

"[T]hat plaintiff was in his [cross-complainant's] employ as a salesman, and that after the commencement of this action plaintiff neglected his duties in that capacity and harassed defendant in the conduct of his business, and that defendant discharged him; that nevertheless plaintiff holds himself out to the public as a partner in said business and intrudes into defendant's office and place of business and there remains, interfering with defendant's affairs; that he has collected money from the patrons of defendant, due to the latter, and converted it to his own use; that he claims the right to do these things as a partner in the business, and threatens and intends to continue such acts contrary to the will of defendant; and that plaintiff is insolvent."

The prayer was for an injunction to restrain the continuance of the conduct and the writ issued. The court declared (p. 407):

"The main insistence of plaintiff is that, conceding himself to have no interest as a partner, yet the case made shows that at most he is a mere trespasser in defendant's store, and that injunction does not lie to restrain him; citing *Mechanics' Foundry* v. *Ryall*, 75 Cal. 601 [17 P. 703]. This case is clearly distinguishable from that; upon the defendant's showing (which for the purposes of this appeal must be said to be quite imperfectly repelled by plaintiff's answer to the cross-complaint) it appears that plaintiff is not only a trespasser upon the premises of defendant, but assumes a control over his business, intercepts moneys due to him, and holds himself out to the public as a partner having the right to do these things. Bodily ejection of plaintiff from the premises would

not necessarily prevent the continuance of such injuries; nor would an action for damages afford adequate relief, for the reasons, among others, that it would be extremely difficult to ascertain in pecuniary terms the amount of damage, and that plaintiff is admittedly insolvent.''

The relation of the defendant to the plaintiff, its trustees, and its members was of a fiduciary nature. The action in effect is by four of a board of five trustees against the fifth to enjoin him from committing a breach of trust. A reasonable inference from the facts alleged is that the defendant will continue the third parties in possession of the property after the expiration of the one-year term of the lease. (See 15 Cal.Jur. 820, § 237.) The complaint clearly and unmistakably pleads a cause of action for equitable relief. The relief sought consists primarily in ''restraining the . . . continuance of the act complained of'' (Code Civ. Proc., § 526), to wit: the defendant informing and advising the third parties that the trustees are not entitled to receive the rentals and that he is entitled to receive them; the defendant representing himself as being authorized to act on behalf of the plaintiff; the defendant interfering with the collections of the rentals by the authorized trustees; and the defendant continuing in possession of the property and interfering with the operation of the plaintiff's functions as a religious corporation. The action is essentially a suit in equity for an injunction. The prayer for a money judgment does not prevent the action from being a suit for an injunction. (*Cf. Tolle* v. *Struve,* 124 Cal.App. 263, 268 [12 P.2d 61].) In the case at bar the facts necessary for legal and for equitable relief are not identical. In order to obtain a money judgment, the plaintiff need show only the duty of the defendant to pay and his breach of the duty. These facts would not entitle it to an injunction, to obtain which the plaintiff of necessity added to its complaint allegations for the purpose of showing a right to an injunction. The complaint with these allegations does not present a mere action at law, but a suit in equity beyond the jurisdiction of the municipal court under section 89 of the Code of Civil Procedure. The recovery of the moneys collected by the defendant is incidental to the cause of action for an injunction. A mere recovery of the moneys collected by the defendant would not afford the plaintiff as prompt, complete, and efficient a remedy as would be furnished by a court

of equity in preventing the wrongs complained of. (*Cf.* *Woodbine* v. *Van Horn,* 29 Cal.2d 95, 108 [173 P.2d 17].)

The complaint tenders issues which conferred jurisdiction on the superior court. Section 89 of the Code of Civil Procedure gives municipal courts jurisdiction of equitable actions, none of which has any relation to the case at bar. It gives them jurisdiction ''To issue temporary restraining orders and preliminary injunctions . . . where necessary to preserve the property or rights of any party to an action of which the court has jurisdiction.'' It does not give them jurisdiction to issue final and permanent injunctions.

Furthermore, on the facts alleged the right to the possession of real property is a direct and material issue. As a general rule the possession of the tenant is that of his landlord. The possession of the tenant inures to the benefit of the landlord, and constitutes possession by the latter, for the purpose of securing to him the benefits of adverse possession and the bar of the statute of limitations. (Code Civ. Proc., § 326; 15 Cal.Jur. 670, § 79.) This is not a proceeding in unlawful detainer, jurisdiction of which lies in the municipal court under section 89. The plaintiff accepts the third parties as its tenants. The complaint is that the third parties are in possession as tenants of the defendant and not as tenants of the plaintiff. The superior court has original jurisdiction of such an action. (*Morrissey* v. *Morrissey,* 191 Cal. 782 [218 P. 396].)

From the foregoing it follows that the municipal court does not have jurisdiction of the action. Exclusive jurisdiction of the case is in the superior court.

Let a peremptory writ of mandamus issue as prayed.

Shinn, P. J., and Wood (Parker), J., concurred.