## In re RISDIC LITIGATION (Brown University Employees Credit Union).

### No. 94–707–Appeal.

Supreme Court of Rhode Island.

Aug. 10, 1995.

Bradford Gorham, Gorham & Gorham, Inc., William G. Grande, Paul V. Gallogly, Aram R. Schefrin, Lovett, Schefrin, Gallogly & Harnett, Providence, H. Lee Godfrey, James T. McCartt, Susman Godfrey L.L.P., Houston, TX, for plaintiffs.

Leonard Decof, John S. Foley, Decof & Grimm, Providence, for Allan M. Shine, Receiver of RISDIC and Edward D. Pare, Jr., Receiver of Brown University Employees Credit Union.

James E. Carroll, Peabody & Arnold, Boston, MA, Sheila High King, Kirsten M. Lacovara, Peabody & Arnold, Providence, Harvey Weiner, Peabody & Arnold, Boston, MA, for Certain former Directors & Officers of Brown University Employees Credit Union.

Stephen P. Nugent, James McAleer, McAleer & McAleer, Providence, for defendants Norman Baris and William J. McEnery.

Michael S. Schwartz, Mandell, DeLuca & Schwartz, Ltd., Providence, for defendant Joseph Bellucci, in his capacity as a RISDIC Director.

William C. Dimitri, Dimitri & Dimitri, Providence, for defendant Peter Nevola.

Eva Marie Mancuso, Katherine Boyle O'Mealey, Hamel, Waxler, Allen & Collins, Providence, for defendant Alan Washburn, Jr., in his capacity as a RISDIC Director.

Peter J. McGinn, Tillinghas, Collins & Graham, Providence, Jerome G. Snider, Davis Polk & Wardwell, New York City, for defendant Ernst & Young.

## OPINION

PER CURIAM.

This case came before a hearing panel of this court for oral argument on June 27, 1995. After hearing the oral arguments and examining the briefs filed by the receiver of the Brown University Employees Credit Union (Brown), the receiver of Rhode Island Share and Deposit Indemnity Corporation (RISDIC), certain former RISDIC directors, certain former directors and officers of Brown, and examining the briefs filed by the plaintiffs, who are former depositors/shareholders of Brown, we conclude that the issues raised by this appeal should be summarily decided. The plaintiffs appeal from a judgment of the Superior Court dismissing their complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. We affirm the judgment. The facts of the case insofar as pertinent to this appeal are as follows.

The plaintiffs were depositors/shareholders in Brown. Brown's deposits were insured by RISDIC. On January 1, 1991, the Governor of the State of Rhode Island concluded that RISDIC was insolvent and announced the closing of forty-five credit unions and banks, including Brown. Brown was ineligible for federal insurance and, therefore, was placed in receivership. During the period following the closing of the credit unions, a large number of separate actions were filed by the depositors/shareholders of various institutions against former directors and officers of the closed institutions as defendants. By order of the Superior Court all these actions were consolidated under the title "In re RISDIC Litigation." A justice of the Superior Court ordered the filing of consolidated "master complaints" to supersede the previously filed pleadings in more than a hundred separate lawsuits. One master complaint was filed for each of fifteen closed institutions. This appeal concerns the Brown master complaint in which plaintiffs assert claims against Brown officers and directors, RISDIC officers and directors, Ernst & Young, the RISDIC receiver, and other defendants.

By order of the Superior Court, discovery in respect to this litigation was stayed, and on July 10, 1991, a justice of the Superior Court entered pretrial order No. 6, which postponed the filing of a response to the consolidated master complaint until further order of the court. On July 15, 1994, the former Brown directors moved to vacate the stay for the limited purpose of the court's entertaining a motion to dismiss. On September 12, 1994, the court granted the Brown directors' motion to lift the stay and allowed the directors to file a motion to dismiss the Brown master complaint pursuant to Rule 12(b)(6). The receiver of RISDIC and the Brown receiver, along with certain RISDIC directors, joined the Brown directors' motion to dismiss.

This motion was based upon the contention that the depositors lacked standing to bring action upon the claims asserted in the Brown master complaint. The moving parties contended that the master complaint set forth only derivative claims that belonged to the receivership estate and not direct individual claims. They contended that only the Brown receiver had standing to prosecute these claims that constituted assets of the receivership and affected all depositors/shareholders in common.

A justice of the Superior Court heard the motion and objection thereto on September 23, 1994, and granted the motion to dismiss on the ground that the master complaint failed to state a claim upon which relief could be granted with the following comment:

"The facts alleged in the complaint do not articulate any wrong which is peculiar or singular to the plaintiffs, that is to say, the plaintiff depositors. In other words, when distilled to its essence, the complaint effectively alleges direct injury to the financial institution, rather than injury to the plaintiffs' individual interests. No count of the complaint, in reality, asserts injuries which are truly specific to individual plaintiffs. The harm alleged in the complaint is harm which is, after all, common to all of the Brown depositors."

The plaintiffs argue inter alia that this judgment of dismissal was in violation of the principle set forth in *Ward v. City of Pawtucket Police Department*, 639 A.2d 1379,

1381 (R.I.1994), which holds that a motion to dismiss under Rule 12(b)(6) should only be granted in circumstances in which it is found "beyond a reasonable doubt that the plaintiff will not be entitled to relief under any conceivable set of facts that might be proven." We reaffirm that principle but believe that in the case at bar the question was whether these plaintiffs had standing to prosecute claims that belonged to the receiver and to the institution that the receiver represented. We are of the opinion that they did not.

This court has held in its earliest pronouncement on this subject that the directors of a company are liable in equity, as trustees, for fraudulent breach of trust, but

> "The primary party to sue for such fraudulent breach of trust, is the corporation; because the corporation is the party injured. * * * But if the corporation refuse[s] to sue, the stockholders may sue in their [individual] names. So, if the corporation be under the control of the guilty directors, the stockholders may sue." *Hodges v. New England Screw Co.*, 1 R.I. 312, 340–41 (1850).

A similar principle was set forth in *Madoian v. Union for the Rehabilitation of the Village of Haght*, 53 R.I. 236, 237, 165 A. 770, 770 (1933), wherein the court recognized that equity would not entertain a suit by stockholders to redress a wrong done to the corporation, unless it appeared that an appeal to those in control of the corporation to take action would be futile.

The motion justice was persuaded by an opinion of the United States Court of Appeals for the Third Circuit in *In re Sunrise Securities Litigation*, 916 F.2d 874 (3rd Cir. 1990). In that case the purported plaintiffs had purchased certificates of deposit from a savings and loan association ("Old Sunrise"). The Federal Home Loan Bank Board subsequently declared Old Sunrise insolvent and thereafter organized "New Sunrise," a federal mutual association to which Old Sunrise's assets and liabilities were transferred. Approximately nine months later the Federal Home Loan Bank Board declared New Sunrise insolvent and temporarily froze all its accounts. *Id.* at 876–77. The plaintiffs in that case brought a class action on behalf of

all depositors, alleging that the defendant officers and directors had violated the provisions of 18 U.S.C. § 1962 (the RICO statute) by failing to disclose that Old Sunrise was neither financially secure nor well managed and that the defendant officers and directors had engaged in self-dealing. They further alleged that Old Sunrise's insolvency and the plaintiffs' losses resulted from the defendants' RICO violations. 916 F.2d at 877.

The Third Circuit, in analyzing the complaints, concluded that "claims by depositors based on injuries sustained primarily by the financial institution or by depositors generally belong to the financial institutions initially through their receiver." *Id.* at 882. The court further concluded that the plaintiffs' complaint failed to assert injuries that were separate and distinct from the injuries sustained by the institutions and by all other depositors generally. *Id.* at 887. Similar principles have been enunciated in *Douglass v. Dawson*, 190 N.C. 458, 130 S.E. 195 (1925), and *Downriver Community Federal Credit Union v. Penn Square Bank*, 879 F.2d 754 (10th Cir.1989), *cert. denied*, 493 U.S. 1070, 110 S.Ct. 1112, 107 L.Ed.2d 1019 (1990).

We are of the opinion that the foregoing principles as applied to the facts of *In re Sunrise, supra*, are applicable to and controlling in respect to the case at bar. The claims asserted in the *Sunrise* complaint are similar in all significant respects to the claims asserted in the Brown master complaint.

The plaintiffs cite *Caplin v. Marine Midland Grace Trust Company of New York*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972), as persuasive authority in support of their standing to sue. We respectfully disagree. The facts underlying *Caplin* are virtually contrary in effect to the facts at bar. There the trustee in a chapter X bankruptcy-reorganization proceeding sought to assert claims against an indenture trustee on behalf of persons holding debentures issued by the corporation. In that case the Supreme Court contrasted the situation before it with one in which a receiver is suing on behalf of the corporation and not third parties. The Court pointed out that these were claims that the debtor corporation could not have made had it brought suit prior to entering receiver-

ship. *Id.* at 429, 92 S.Ct. at 1685–86, 32 L.Ed.2d at 204. In the case at bar clearly Brown could have brought suit for mismanagement on its own behalf and on behalf of its depositors/shareholders against its officers and directors prior to entering receivership because these claims were primarily those of the corporation, not of third parties.

We have considered all other cases cited by plaintiffs but feel it unnecessary to distinguish each case relied upon by them. Suffice it to say that we are persuaded by our own prior cases and the cases cited by the receivers and by certain former directors and officers of Brown. We conclude that the claims set forth in the Brown master complaint are derivative complaints that belong to the receivership and not to individual depositors/shareholders.

The Depositors Economic Protection Corporation (DEPCO) was established by the Legislature to marshal the assets of the failed financial institutions that had been closed by executive order. DEPCO was assigned the task of pursuing claims against those persons and entities who would be determined to be responsible for the insolvent condition of such institutions. The cases cited by the receivers set forth the strong public-policy principle that individual depositors should not be allowed to frustrate comprehensive statutory schemes such as that underlying the formation of DEPCO. *See, e.g., Sunrise,* 916 F.2d at 888; *Brandenburg v. Seidel,* 859 F.2d 1179, 1191–92 (4th Cir.1988). The taxpayers of the State of Rhode Island, though without legal obligation to do so, assumed an enormous indebtedness (of hundreds of millions of dollars) to make substantially whole thousands of depositors in failed credit unions and other financial institutions closed as a result of the insolvency of RISDIC. Recovery by the receiver and DEPCO pursuant to claims against former directors, officers, and others responsible for the insolvency of Brown will be used to decrease the bonded indebtedness incurred by the State of Rhode Island to repay its depositors/shareholders. The depositors/shareholders, if allowed to bring class or individual actions, would virtually indefinitely delay the prosecution and resolution by the receiver and DEPCO of claims against former directors and officers of Brown and other such institutions. In this situation the taxpayers' interests are paramount and must be given priority. The receivers and DEPCO are diligently pursuing these derivative claims and must be allowed to do so without interference.

For the reasons stated, the plaintiffs' appeal is denied and dismissed. The judgment entered by the motion justice is affirmed. The papers in the case may be remanded to the Superior Court.

SHEA and LEDERBERG, JJ., did not participate.