Filed 10/15/13  Dorn v. Countrywide Home Loans CA2/4
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JASON DORN, | B244325 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. KC062566) |
| COUNTRYWIDE HOME LOANS, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert A. Dukes, Judge.  Affirmed.

Jason Dorn, in pro. per., for Plaintiff and Appellant.

Mcquirewoods, Leslie M. Werlin, and Lila Y. Al-Marhoon for Defendants and Respondents.

Plaintiff Jason Dorn appeals from a judgment dismissing his action against defendants America's Wholesale Lender, Countrywide Bank, Bank of America Home Loan Services, MERS, and ReconTrust.[1]  Because we conclude that the trial court did not abuse its discretion in dismissing the action, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jason Dorn filed the present action against defendants on November 18, 2011, alleging seven causes of action arising out of the alleged wrongful foreclosure of plaintiff's home.  Defendants demurred to all causes of action, and the trial court sustained the demurrer with leave to amend.

Plaintiff filed a first amended complaint on February 23, 2012.  It asserted causes of action for:  (1) declaratory relief:  fraud in the execution (first cause of action, first count); (2) declaratory relief:  failure of consideration (first cause of action, second count); (3) declaratory relief:  existence of an obligation — no creation of rights (first cause of action, third count); (4) declaratory relief:  existence of an obligation — no creation of rights (first cause of action, fourth count); (5) injunctive relief (second cause of action); (6) accounting (third cause of action).

Defendants demurred to all causes of action.  On May 10, 2012, the court sustained the demurrer and granted plaintiff 10 days leave to amend his first and second causes of action.  The court denied plaintiff leave to amend the third cause of action because it concluded that an accounting was not "an appropriate cause of action in this matter."

---

[1]     According to defendants, the proper parties are "Countrywide Home Loans, Inc., erroneously sued as America's Wholesale Lender ('CWL'), Bank of America, N.A. as successor to Countrywide Bank, FSB and Bank of America Home Loans Servicing, LP, erroneously sued as Countrywide Bank and Bank of America Home Loans ('BANA'), Mortgage Electronic Registration Systems, Inc., erroneously sued as MERS ('MERS') and ReconTrust Company, N.A., erroneously sued as ReconTrust ('ReconTrust')."

Plaintiff did not file a second amended complaint.  Instead, on May 21, 2012, he filed a motion for reconsideration, urging that the demurrer should not have been granted because his claims were not time-barred, a tender was not required under the facts of the case, and he had stated a valid cause of action for an accounting.

On June 8, 2012, defendants moved to dismiss plaintiff's action for failure to file a second amended complaint.  Plaintiff opposed the motion and sought additional time to file an amended complaint.  On August 10, 2012, the court dismissed the matter with prejudice and entered judgment for defendants on all causes of action.  Plaintiff timely appealed.

## DISCUSSION

Plaintiff contends on appeal that the trial court erred in sustaining demurrers to the third and fourth counts of the first cause of action (for declaratory relief) and to the third cause of action (for an accounting).  For reasons that follow, we conclude that there was no abuse of discretion.

### I.      Standard of Review

"A demurrer tests the legal sufficiency of factual allegations in a complaint.  (*Title Ins. Co. v. Comerica Bank—California* (1994) 27 Cal.App.4th 800, 807.)  In reviewing the sufficiency of a complaint against a general demurrer, this court treats the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law.  This court also considers matters that may be judicially noticed.  When a demurrer is sustained, this court determines whether the complaint states facts sufficient to constitute a cause of action.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"When a demurrer is sustained without leave to amend, this court decides whether a reasonable possibility exists that amendment may cure the defect; if it can we reverse,

3

but if not we affirm.  The plaintiff bears the burden of proving there is a reasonable possibility of amendment.  (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.)  The plaintiff may make this showing for the first time on appeal.  (*Schultz v. Harney* (1994) 27 Cal.App.4th 1611, 1623; *Careau & Co. v. Security Pacific Business Credit, Inc*. (1990) 222 Cal.App.3d 1371, 1386-1388.)

"To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.'  (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)  The assertion of an abstract right to amend does not satisfy this burden.  (*McKelvey v. Boeing North American, Inc*. (1999) 74 Cal.App.4th 151, 161.)  The plaintiff must clearly and specifically set forth the 'applicable substantive law' (*Community Cause v. Boatwright* (1981) 124 Cal.App.3d 888, 897) and the legal basis for amendment, i.e., the elements of the cause of action and authority for it.  Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action.  (*McMartin v. Children's Institute International* (1989) 212 Cal.App.3d 1393, 1408; *McGettigan v. Bay Area Rapid Transit Dist*. (1997) 57 Cal.App.4th 1011, 1024.)  Allegations must be factual and specific, not vague or conclusionary.  (*Cooper v. Equity Gen. Insurance* (1990) 219 Cal.App.3d 1252, 1263-1264.)

"The burden of showing that a reasonable possibility exists that amendment can cure the defects remains with the plaintiff; neither the trial court nor this court will rewrite a complaint.  (*Gould v. Maryland Sound Industries, Inc*. (1995) 31 Cal.App.4th 1137, 1153.)  Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend.  (*New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co*. (1992) 7 Cal.App.4th 1088, 1098; *HFH, Ltd. v. Superior Court* (1975) 15 Cal.3d 508, 513, fn. 3.)"  (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 42-44.)

## II.    Declaratory Relief

Plaintiff contends he should have been granted leave to amend his first cause of action for declaratory relief to overcome the deficiencies identified by the trial court. Specifically, plaintiff says, the trial court "erroneously denied Plaintiff leave to amend for failure to provide tender" because, if given the opportunity to do so, he could have amended his complaint to allege facts supporting one of the exceptions to the tender rule.[2]

The appellate record designated by the plaintiff does not include the trial court's May 10 order sustaining defendants' demurrer to the first amended complaint. However, the reporter's transcript of the May 10 hearing demonstrates that the trial court granted the very relief plaintiff now seeks:  leave to amend the first cause of action for declaratory relief.  Since the trial court granted plaintiff the relief he claims to have been entitled, there was no error.  (E.g., *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 752 ["In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error."].)

## III.    Accounting

Plaintiff contends he should have been granted leave to amend his third cause of action for an accounting.  In support, he urges as follows:  "The trial court determined that Plaintiff could not amend his pleadings to allege that Defendants owed him money. However, Plaintiff could have amended his complaint to allege sufficient facts to show that the lender Defendants owe him a sum of money. . . .  Plaintiff's claim for accounting was clearly capable of being amended, and the trial court abused its discretion by refusing to allow Plaintiff the opportunity to do so."

---

[2]    "As a general rule, a plaintiff may not challenge the propriety of a foreclosure on his or her property without offering to repay what he or she borrowed against the property." (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1053.)

As we have said, to satisfy his appellate burden, plaintiff must show "'in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.'" (*Rakestraw v. California Physicians' Service*, *supra*, 81 Cal.App.4th at p. 43.) To do so, plaintiff must clearly and specifically set forth the applicable substantive law and factual allegations that sufficiently state all required elements of that cause of action in a manner that is "factual and specific, not vague or conclusionary." (*Id*. at p. 44.) Here, plaintiff has not done so. He has neither identified the elements of a cause of action for an accounting, nor stated with any specificity what facts he could allege to satisfy the elements of his cause of action.[3] In short, although plaintiff asserts that he could have amended his complaint "to allege sufficient facts to show that the lender Defendants owe him a sum of money," he has not told us what those facts are or how they give rise to a cause of action for an accounting. Thus, he has not satisfied his appellate burden to show that the trial court abused its discretion by denying him leave to amend the third cause of action.

As to the remaining causes of action set forth in the first amended complaint, plaintiff has forfeited any claims of error by failing to assert them or make reasoned argument in support. (E.g., *Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457 ["'[I]t is appellant's burden to affirmatively show error. [Citation.] To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error.'"]; *Browne v. County of Tehama* (2013) 213 Cal.App.4th 704, 716 ["'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.'"].)

---

[3]     "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting. (*Brea v. McGlashan* (1934) 3 Cal.App.2d 454, 460; 5 Witkin, Cal. Procedure [(5th ed. 2008)] Pleading, § 819, p. 236.) [¶] An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation. (*St. James Church of Christ Holiness v. Superior Court* (1955) 135 Cal.App.2d 352, 359.)" (*Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 179.)

6

## DISPOSITION

The judgment is affirmed.  Defendants shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                        SUZUKAWA, J.

We concur:


WILLHITE, Acting P. J.


MANELLA, J.